No. 25-2358

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, et al.,

*Plaintiffs-Appellees,*

*v.*

UNITED STATES DEPARTMENT OF HEALTH,

*Defendants-Appellants.*

---

On Appeal from the United States District Court
for the Northern District of California
(Hon. Araceli Martínez-Olguín)
No. 3:25-CV-02847-AMO

---

### APPELLEES' MEMORANDUM
### IN SUPPORT OF DISMISSAL

---

IMMIGRANT DEFENDERS LAW CENTER

Alvaro M. Huerta (CA Bar No. 274787)
Carson A. Scott (CA Bar No. 337102)
Lya Ferreyra (CA Bar No. 340148)
Immigrant Defenders Law Center
634 S. Spring St., 10th Floor
Los Angeles, CA
(213) 634-0999
ahuerta@immdef.org
cscott@immdef.org
lferreyra@immdef.org

AMICA CENTER FOR IMMIGRANT RIGHTS

Adina Appelbaum (pro hac vice)
Samantha Hsieh (pro hac vice)
Peter Alfredson (pro hac vice)
Evan Benz (pro hac vice)
Amica Center for Immigrant Rights
1025 Connecticut Ave., NW, Suite 701
Washington, D.C. 20036
(202) 331-3320
adina@amicacenter.org
sam@amicacenter.org
peter@amicacenter.org
evan@amicacenter.org

i

JUSTICE ACTION CENTER
Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (CA Bar No. 234691)
Laura Flores-Perilla (CA Bar No. 355645)
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
(323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org

*Attorneys for Plaintiffs-Appellees*

## TABLE OF CONTENTS

**INTRODUCTION** ...................................................................................1

**FACTUAL BACKGROUND** ................................................................2

**ARGUMENT** .......................................................................................5

  I.   The TRO is unreviewable. ..............................................................5

      A.   The TRO has a defined term extended only once for good cause and was decided on a limited record with expedited briefing. ......................................6

      B.   The TRO does not have the effect of a preliminary injunction...............11

  II.   By the time this appeal is fully briefed, it will almost certainly be moot...14

**CONCLUSION** ..................................................................................15

# TABLE OF AUTHORITIES

## Cases

*Babaria v. Blinken,*
    87 F.4th 963 (9th Cir. 2023) ................................................................. 14

*Comm. Legal Servs. In East Palo Alto v. U.S. Dep't of Health &
    Human Servs.,*
    No. 3:25-cv-02847, Dkt. 1 ...................................................................... 2

*D.V.D. v. U.S. Dep't of Homeland Sec.,*
    2025 WL 1029774 (1st Cir. Apr. 7, 2025) ............................................ 6

*Dep't of State v. AIDS Vaccine Advocacy Coalition,*
    145 S. Ct. 753 (2025) ..................................................................... 13, 15

*Department of Education v. California,*
    ECF No. 14.1 ........................................................................................ 13

*E. Bay Sanctuary Covenant v. Trump,*
    932 F.3d 742 (9th Cir. 2018) ..................................................... 5, 7, 8, 9

*Environmental Defense Fund, Inc. v. Andrus,*
    625 F.2d 861 (9th Cir. 1980) ............................................................... 12

*Garcia v. Lawn,*
    805 F.2d 1400 (9th Cir. 1986) ............................................................. 14

*Graham v. Teledyne-Cont'l Motors,*
    805 F.2d 1386 (9th Cir. 1986) ............................................................. 12

*Grand Canyon Skywalk Dev., LLC v. 'Sa' Nyu Wa Inc.,*
    715 F.3d 1196 (9th Cir. 2013) ............................................................... 7

*Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers
    Local No. 70 of Alameda Cnty.,*
    415 U.S. 423 (1974) ............................................................................... 9

*Nat'l Urban League v. Ross,*
    2020 WL 5578931 (N.D. Cal. Sept. 17, 2020) ................................. 9, 10

*Sampson v. Murray,*
    415 U.S. 61 (1974) ............................................................................... 10

*Serv. Emps. Int'l Union v. Nat'l Union of Healthcare Workers,*
    598 F.3d 1061 (9th Cir. 2010) ............................................. 7, 8, 10, 15

*TGP Commc'ns, LLC v. Sellers,*
    2022 WL 17484331 (9th Cir. Dec. 5, 2022) ......................................... 7

*Washington v. Trump,*
    847 F.3d 1151 (9th Cir. 2017) (per curiam) ................. 1, 5, 6, 11, 12, 13

iv

*Zepeda Rivas v. Jennings*,
    845 F. App'x 530 (9th Cir. 2021)...........................................................12

## Statutes

Full-Year Continuing Appropriations and Extensions Act, 2025, Pub.
    L. 119-4, div. A, tit. I, § 1101(8) (2025) ............................................14

Further Consolidated Appropriations Act of 2024, Pub. L. 118-47,
    138 Stat. 460, 664 (2024)....................................................................14

Trafficking Victims Protection Reauthorization Act .........................................2, 14

## Rules

Federal Rule of Civil Procedure 65 .......................................................7, 8, 9, 10, 11

## INTRODUCTION

Appellants seek an appeal of the district court's entry of a properly limited temporary restraining order ("TRO"), set to expire by April 30, 2025, and scheduled for a hearing on conversion to a preliminary injunction next week, on April 23, 2025. Appellate relief is neither available nor warranted: Appellants have not complied with the TRO and continue to delay resolution by raising meritless requests on an "emergency" basis as they defy the district court's order. Two days after the 14-day TRO went into effect, Appellants filed a motion to dissolve it, followed five days later by a motion to recuse the district court judge from the case. Appellants' belated and baseless recusal motion forced the district court to set another briefing schedule, delay the preliminary injunction hearing, and extend the TRO an additional fourteen days. Now, Appellees' motion for a preliminary injunction is set to be heard alongside Appellants' motion to dissolve the TRO on April 23, 2025—well before Appellants' opening brief in this Court is due.

On April 15, 2025, this Court ordered Appellants to "explain[] why this appeal should not be dismissed." ECF 6.1 at 1. They cannot. Appellants fail to demonstrate that "extraordinary circumstances" warrant appeal of their TRO here. *Washington v. Trump*, 847 F.3d 1151, 1158 (9th Cir. 2017) (per curiam). Their reasoning is based on avoidable delays of their own making and unfounded allegations of harm.

Accordingly, the district court's TRO is not appealable, and this Court should dismiss Appellants' appeal for lack of jurisdiction.

## FACTUAL BACKGROUND

Appellees are a group of nonprofit legal services providers who provide direct legal representation for unaccompanied immigrant children in a variety of legal proceedings.  Until March 21, 2025, Appellants, the Department of Health and Human Services ("HHS") and the Office of Refugee Resettlement ("ORR"), supported these services as required under the Trafficking Victims Protection Reauthorization Act ("TVPRA") and ORR's Unaccompanied Children Program Foundational Rule ("Foundational Rule").  *Comm. Legal Servs. In East Palo Alto v. U.S. Dep't of Health & Human Servs.*, No. 3:25-cv-02847, Dkt. 1 ¶ 95 (N.D. Cal. Mar. 26, 2025) [hereinafter, "*CLSEPA*, No. 3:25-cv-02847"].  On March 21, 2025, Appellants abruptly terminated the contract effectuating these mandates, effectively cancelling direct legal representation for unaccompanied children.  *Id*. at ¶ 11.

On March 26, Appellees filed suit, seeking to restore direct legal representation to unaccompanied children as required by law and regulation. *CLSEPA*, No. 3:25-cv-02847, Dkt. 1.  Appellees simultaneously filed a motion for a TRO.  *Id.*, Dkt. 7.  The next day, the district court ordered Appellants to file an opposition brief by noon on March 31 and set a hearing for 10:00 a.m. on April 1. *Id.*, Dkt. 17.  On the evening of April 1, the district court granted Appellees' TRO

motion, ordering the TRO to go into effect on April 2 at 8:00 a.m., with an expiration of 7:59 a.m. on April 16.  *Id*., Dkt. 33 at 1, 7.  Recognizing the temporary nature of the relief provided, the district court also set expedited briefing for Appellees' preliminary injunction motion, ordering Appellees to file their opening brief by 4:00 p.m. on April 4, Appellants to file their opposition by 4:00 p.m. on April 11, and Appellees to file their reply brief by noon on April 14.  *Id.* at 7.  Appellees' preliminary injunction motion is now fully briefed.

Despite the district court's order and expedited schedule, Appellants have both refused to comply with the TRO and delayed resolution of the preliminary injunction by filing numerous motions.  *See CLSEPA*, No. 3:25-cv-02847, Dkts. 40, 45, 53.  On April 4, Appellants filed a motion to dissolve the TRO based on an alleged "change in law."  *Id.*, Dkt. 38.  The district court set an expedited briefing schedule for Appellants' dissolution motion that did not alter the preliminary injunction briefing schedule.  *Id*., Dkt. 42.  The district court also granted Appellants' motion to shorten time on the motion to dissolve and set both the motion for a preliminary injunction and the motion to dissolve the TRO for hearing on April 15 at 10:00 a.m.  *Id.*, Dkt. 42.  This schedule would have allowed the court to decide the motions before the TRO expired, leaving no reason to extend the TRO.

But, on April 9, Appellants—still *without taking a single step to comply* with the TRO—filed a motion to recuse the district court judge presiding over this case.

3

*CLSEPA*, No. 3:25-cv-02847, Dkt. 47 (Appellants' Motion for Recusal and Reassignment); *id.*, Dkt. 59 (Appellants' Notice of Errata and corrected Motion for Recusal and Reassignment); *see also id.*, Dkt. 40 (Appellees' Emergency Motion to Enforce Temporary Restraining Order, explaining Appellants' failure to comply with the TRO); *id.*, Dkt. 53 (Appellees' Renewed Emergency Motion to Enforce Temporary Restraining Order, explaining Appellants' continued failure to comply with the TRO). The district court appropriately found that "consideration of [Appellants'] motion for recusal constitutes good cause requiring extension" of the TRO under Federal Rule of Civil Procedure ("Rule") 65(b)(2). *Id.*, Dkt. 48 at 1. Accordingly, the district court extended the TRO for fourteen days, setting it to expire on April 30 at 7:59 a.m., to enable the district court to "address [the recusal] motion before further consideration of the case." *Id.*, Dkt. 48 at 1. The district court set a hearing for both Appellees' motion for a preliminary injunction and Appellants' motion to dissolve the TRO for April 23, 2025, at 2:00 p.m., one week *before* expiration of the now-extended TRO. *Id.*, Dkt. 48 at 1.

These motions are fully briefed before the district court, and the parties are set to appear next week for a hearing. *See id.*, Dkt. 48. The TRO—extended only because Appellants belatedly put at issue the district court's ability to render a decision in the case—is set to expire shortly thereafter. *Id.* at 1. By that time, the district court will have had the chance to rule on Appellants' motion to recuse and

motion to dissolve the TRO, as well as Appellees' motion for a preliminary injunction.

Despite the district court's expedited briefing schedule and Appellants' self-inflicted extension of the TRO (to say nothing of their refusal to comply with that TRO), Appellants sought to appeal the limited TRO on April 12. ECF No. 1. This Court has set a briefing schedule for the appeal, with Appellants' opening brief due May 12—nearly two weeks *after* the TRO is set to expire. ECF No. 2.1 at 3. There is no basis for an extraordinary appellate review here.

## ARGUMENT

### I. The TRO is unreviewable.

"Ordinarily, a TRO is not an appealable order." *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 762 (9th Cir. 2018). Only in "extraordinary circumstances," when an order styled as a TRO "possesses the qualities of a preliminary injunction," can it be reviewed by a court of appeals. *Washington*, 847 F.3d at 1158 (quotations omitted).

Appellants contend this TRO is appealable because its "practical effect . . . including compelling the expenditure of federal funds, renders it functionally equivalent to a preliminary injunction." ECF No. 14.1 at 7. Appellants point to the April 1 TRO hearing, the supposed effects on the government of complying with the TRO, and the TRO's duration. *Id.* at 7–10. But none of these factors are sufficient

to transform the district court's limited TRO into a preliminary injunction—an extraordinary result that is not appropriate here.

The TRO was decided on a limited record with expedited briefing and has a limited duration that has been extended only once to allow the district court to decide Appellants' pending and belatedly filed motion to recuse. *See CLSEPA*, No. 3:25-cv-02847, Dkt. 48 at 1 ("The Court must address this pending [recusal] motion before further consideration of the case."); *id.*, Dkt. 66 at 15–17 (explaining Appellants' failure to timely file their Motion for Recusal).

In these circumstances, there is no basis for this Court to assert jurisdiction, particularly considering the TRO will almost certainly be moot well before the parties can brief this appeal. *See D.V.D. v. U.S. Dep't of Homeland Sec.*, 2025 WL 1029774, at *1 (1st Cir. Apr. 7, 2025) (likely no appellate jurisdiction where the preliminary injunction hearing was scheduled and the government "made a moving target" of the policy at issue by changing it days before the hearing and moving to dissolve the TRO).

A. <u>The TRO has a defined term extended only once for good cause and was decided on a limited record with expedited briefing.</u>

A TRO only becomes appealable as effectively a preliminary injunction in "extraordinary circumstances." *Washington*, 847 F.3d at 1158. Factors transforming a TRO into a preliminary injunction for purposes of appeal include showing that (1) "the TRO was strongly challenged in adversarial proceedings

6

before the district court," and (2) "that it has or will remain in force for longer than the fourteen-day period identified in" Rule 65(b). *Id.* Neither factor is dispositive and, in assessing appellate jurisdiction, courts look for "extraordinary circumstances" to justify finding that a TRO possesses the qualities of a preliminary injunction. *Id.* (also considering other factors such as the lack of an expiration date for the TRO, lack of preliminary injunction hearing schedule, and government's interest in preventing terrorism); *see also E. Bay Sanctuary Covenant*, 932 F.3d at 762. Appellants cannot meet this high standard.

### 1. The TRO was decided on a limited record with expedited briefing.

The first factor requires an "adversary hearing" during which "the basis for the court's [TRO] order was strongly challenged." *Serv. Emps. Int'l Union v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1067 (9th Cir. 2010). In cases finding a TRO was appealable based on this factor, the evidentiary proceedings at issue were unusually extensive. *See Serv. Emps. Int'l Union*, 598 F.3d at 1067 (two-day evidentiary hearing); *Grand Canyon Skywalk Dev., LLC v. 'Sa' Nyu Wa Inc*., 715 F.3d 1196, 1199, 1202–03 (9th Cir. 2013) (evidentiary hearing held before issuing TRO); *TGP Commc'ns, LLC v. Sellers*, 2022 WL 17484331, at *3 (9th Cir. Dec. 5, 2022) (explaining that sufficiently robust adversary hearings are those where "both sides could examine witnesses and proffer evidence").

No such hearing has occurred here. Appellants cite only one case for their proposition that an order is appealable based on the exchange of briefing and a hearing; in that case, the appellate court's review cited other critical factors. *See E. Bay Sanctuary Covenant*, 932 F.3d at 761, 763 (the initial order's duration exceeded Rule 65(b) limits, rather than a good-cause extension, and national interest concerns, including violence and border integrity, merited emergency appellate relief).

Here, the issues have not been thoroughly addressed in adversarial proceedings (but will be next week). No witnesses have been produced and examined, nor have any extensive evidentiary proceedings taken place. The district court's 90-minute hearing on April 1 was a typical TRO hearing, and included neither witnesses nor the presentation of evidence. This is a far cry from the "two-day evidentiary hearing" that ultimately weighed in favor of the *Service Employees'* successful TRO appeal. *Serv. Emps. Int'l Union*, 598 F.3d at 1067.

Moreover, the district court's 7-page TRO decision to maintain the status quo and avoid further irreparable harm in no way resembles the fulsome, reasoned decision that ordinarily attends a preliminary injunction. The order is properly limited to render temporary relief and set a prompt schedule for deciding the preliminary injunction motion, enabling the district court to make a fully reasoned (and appealable) decision on Appellees' motion. *CLSEPA*, No. 3:25-cv-02847,

Dkt. 33 at 2 (indicating the Court's findings "support[ed] the maintenance of status quo ante pending further briefing from the parties").

2. *The TRO is time-limited and has only been extended once, for good cause due to Appellants' own actions.*

The TRO is properly limited in scope, set to expire just 28 days after it went into effect, with a merits hearing next week. The district court has ordered a prompt briefing schedule on two motions that, once decided, will moot this appeal. The TRO complies with Rule 65(b)'s instruction that a TRO "remains in effect for only 14 days (or longer if the district court finds 'good cause' to extend it)." *E. Bay Sanctuary Covenant*, 932 F.3d at 762–63. Good cause exists where, for example, additional time is required "to allow [Appellants] to produce a partial administrative record" for the purposes of an APA claim (to date, Appellants here have not produced the administrative record), or "because the Court needs time to consider" a motion, *Nat'l Urban League v. Ross*, 2020 WL 5578931, at *6, 10 (N.D. Cal. Sept. 17, 2020) (quotations omitted), or if failing to extend the TRO would fail to "serv[e] the[] underlying purpose of preserving[e] the status quo," *id.* (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974)). Good cause exists here because the district court requires additional time (no more than 14 days) to consider and decide Appellants' motion to recuse. *CLSEPA*, No. 3:25-cv-02847, Dkt. 48 at 1.

Cases holding that a TRO was appealable on the basis of its duration have done so only in limited circumstances, such as when an expiration date was not established, *see Sampson v. Murray*, 415 U.S. 61, 87 (1974), or the length of the extension was unreasonable "beyond the time permissible under" Rule 65, *id.* at 86; *see Serv. Emps. Int'l Union*, 598 F.3d at 1066 (TRO scheduled to last longer than three months before the preliminary injunction hearing). Where a TRO has an expiration date (even if longer than fourteen days, with good cause), a hearing on the motion for preliminary injunction is scheduled, and the government cannot show any unusual risk (such as a national security concern), the TRO is not transformed into a preliminary injunction. *See Nat'l Urb. League*, 2020 WL 5578931, at *10.

The TRO's original expiration date fell within the limits set by Rule 65(b), *CLSEPA*, No. 3:25-cv-02847, Dkt. 33 at 7, as did the prompt briefing schedule for a preliminary injunction. *Id.* The subsequent extension of the TRO was "with good cause" pursuant to FRCP 65(b), not unreasonably lengthy, and attributable only to Appellants' own gamesmanship, as described above. *Id.*, Dkt. 48 at 1. After questioning the district judge's ability to render judgment in this case, Appellants cannot now complain about her immediate and reasonable response to set a prompt briefing schedule on their recusal motion. The district court did not alter the preliminary injunction briefing schedule, and it delayed the hearing on Appellees' preliminary injunction motion and Appellants' motion to dissolve the TRO by only

one week. *Id.* This hearing—scheduled for April 23, 2025, a week before the TRO expires—ensures there is no risk of an interminable TRO, as a full determination on the merits is forthcoming shortly.

Appellants assert that Rule 65(b)'s duration limits are "inapplicable" where an adversary hearing has been held **and** the "court's basis for issuing the order strongly suggests that it intends the order to serve as a preliminary injunction." ECF No. 14.1 at 8. This does not apply. As explained above, the district judge has made clear she does not intend the TRO to serve as a preliminary injunction, including by setting a speedy briefing and hearing schedule to reach that stage of the proceedings.

B. <u>The TRO does not have the effect of a preliminary injunction.</u>

The district court's limited TRO does not have irreparable consequences that can only be remedied by an immediate appeal. *Washington*, 847 F.3d at 1164. As the district court found below, the TRO is necessary because Appellants' termination of direct representation services will cause immediate and irreparable harm to Appellees and the thousands of unaccompanied children they represent. *CLSEPA*, No. 3:25-cv-02847, Dkt. 33 at 5–6. In contrast, Appellants will suffer no harm if they ever comply—the TRO merely requires them to continue expending *already-appropriated* funds for *required* legal services for unaccompanied children. *Id.*, Dkt. 7 at 14.

Appellants assert that "a TRO is appealable if it might have serious, perhaps irreparable, consequence[s] and can be effectually challenged only by immediate appeal." ECF No. 14.1 at 8 (quotations omitted). This circuit has considered a wide range of additional factors in deciding that a TRO is akin to a preliminary injunction, none of which are analogous here: the denial of the TRO "effectively decided the merits of the case," *Graham v. Teledyne-Cont'l Motors*, 805 F.2d 1386, 1388 (9th Cir. 1986); appellants would be "effectively foreclosed from pursuing further interlocutory relief," *Environmental Defense Fund, Inc. v. Andrus*, 625 F.2d 861, 862 (9th Cir. 1980); the TRO impacts a crucial government interest such as the prevention of terrorism, *see Washington*, 847 F.3d at 1158; or the TRO is "inextricably intertwined" with an appealable order, *Zepeda Rivas v. Jennings*, 845 F. App'x 530, 533–34 (9th Cir. 2021).

Here, the denial of the TRO clearly has not effectively decided the merits of the case, as many factual issues remain in dispute, *CLSEPA*, No. 3:25-cv-02847, Dkt. 33 at 5 (indicating the "serious questions" going to the merits "weigh[] in favor of reinstating the status quo ante while the record and the parties' arguments are developed further"), Appellants have not yet produced the administrative record, *id.*, Dkt. 63 at 16, and the district court will hold a preliminary injunction hearing next week, *id.*, Dkt. 48 at 1. The TRO is not tied to an appealable order—on the contrary, the parties will have a chance to appeal the district court's forthcoming decision on

12

Appellees' motion for a preliminary injunction. And there is no crucial government interest rising to the level of that at issue in *Washington*, 847 F.3d. at 1158.

Appellants argue that the district court's order is "the type of order that the Supreme Court held was an 'appealable preliminary injunction' styled as a TRO in *Department of Education v. California*. ECF No. 14.1 at 10; *Dep't. of Educ.*, 145 S. Ct. 966, 968 (2025) (citation omitted). Not so. The facts and harms at issue in *Department of Education* are far from those at issue here. There, the Supreme Court relied on Respondents' representation that they had the "financial wherewithal to keep their programs running" in the absence of federal funding. *Id*. at 969. By contrast, Appellees face complete existential elimination levels of bankruptcy and financial devastation in the absence of the TRO, with no ability to ensure their mission-driven work can continue. *See e.g.*, FIRRP Decl. (*CLSEPA*, No. 3:25-cv-02847, Dkt. 7-4) ¶ 39; *cf. Dept. of Educ.*, 145 S. Ct. at 969 (noting respondents' "financial wherewithal to keep their programs running"). As such, the relief requested and harms facing Appellees make this a very different situation than the "stay pending appeal" in *Department of Education*. 145 S. Ct. at 969.

Appellants' argument that the TRO causes them (or American taxpayers) financial harm by requiring "four weeks of forced, unrecoverable expenditures," is disingenuous at best, and bordering on preposterous. ECF No. 14.1 at 11. The government has, in fact, incurred **no** expenditures: to date, Appellants have refused

to comply with the TRO. Even if Appellants *had* taken steps to comply with the district court's order, there would be no "unrecoverable expenditures": Congress *has already appropriated* the funds necessary to carry out the mandates of the TVPRA and the Foundational Rule. *See* Further Consolidated Appropriations Act of 2024, Pub. L. 118-47, 138 Stat. 460, 664 (2024); Full-Year Continuing Appropriations and Extensions Act, 2025, Pub. L. 119-4, div. A, tit. I, § 1101(8) (2025). To comply with the district court's order to continue providing legally mandated legal services to unaccompanied children, Appellants need only release the funds that were already appropriated for this purpose by Congress. Instead, Appellants continue to waste taxpayer dollars by filing multiple motions with both the district court and this Court, depriving vulnerable unaccompanied children from access to their attorneys.

## II. By the time this appeal is fully briefed, it will almost certainly be moot.

As this Court recognized, the temporary nature of the TRO in this case raises serious questions as to its appealability. ECF No. 6.1 at 1. Jurisdictional issues concerns arise "when the order expires or is supplanted by a preliminary injunction," rendering an appeal moot. *Babaria v. Blinken*, 87 F.4th 963, 975 n.7 (9th Cir. 2023). An appeal is moot when a favorable appellate ruling on the merits would fail to "give the appellant any effective relief." *Cf. Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir. 1986). The issuance of a preliminary injunction by the district court would

render this appeal moot if "the preliminary injunction swallow[s] the whole of the TRO." *Serv. Emps. Int'l Union*, 598 F.3d at 1068.

Here, multiple motions before the district court noticed for argument on April 23, 2025, will likely supplant the TRO that is the subject of this appeal. *See CLSEPA*, No. 3:25-cv-02847, Dkt. 48 at 1. If the district court grants the motion to dissolve the TRO or rules either way on the motion for preliminary injunction pending before it, the Ninth Circuit would no longer be able to grant Appellants relief by ruling in their favor in this appeal. The April 30 expiration of the TRO would lead to this same result. And, given the TRO is set to expire prior to the date Appellants' opening brief is due, this appeal will necessarily be moot before this Court receives complete briefing. ECF No. 2.1 at 3; *cf. Dep't of State v. AIDS Vaccine Advocacy Coalition*, 145 S. Ct. 753 (2025) (vacating an administrative stay in light of pending preliminary injunction proceedings in the district court).

## CONCLUSION

The district court's TRO is properly limited in scope and bears all the hallmarks of an unappealable TRO—a valid court order Appellants continue to ignore. Further, the parties have fully briefed two motions that will likely moot this appeal within the next few weeks. This Court should dismiss this appeal for lack of jurisdiction.

Respectfully submitted,

April 17, 2025

/s/ Alvaro M. Huerta_____

IMMIGRANT DEFENDERS LAW CENTER
Alvaro M. Huerta (CA Bar No. 274787)
Carson A. Scott (CA Bar No. 337102)
Lya Ferreyra (CA Bar No. 340148)
Immigrant Defenders Law Center
634 S. Spring St., 10th Floor
Los Angeles, CA
(213) 634-0999
ahuerta@immdef.org
cscott@immdef.org
lferreyra@immdef.org

/s/ Karen C. Tumlin_____

JUSTICE ACTION CENTER
Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (CA Bar No. 234691)
Laura Flores-Perilla (CA Bar No. 355645)*
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
(323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org

/s/ Samantha Hsieh_____

AMICA CENTER FOR IMMIGRANT RIGHTS
Adina Appelbaum (*pro hac vice*)
Samantha Hsieh (*pro hac vice*)
Peter Alfredson (D.C. Bar No. 1780258)*
Evan Benz (*pro hac vice*)
Amica Center for Immigrant Rights
1025 Connecticut Ave., N.W., Suite 701
Washington, D.C. 20036
(202) 331-3320
adina@amicacenter.org
sam@amicacenter.org
peter@amicacenter.org
evan@amicacenter.org

*\*pro hac vice* forthcoming
*Attorneys for Appellees*

# CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2025, I electronically filed the foregoing brief with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the Court's CM/ECF system.

Respectfully submitted,

April 17, 2025

*/s/ Alvaro M. Huerta*

IMMIGRANT DEFENDERS LAW
CENTER
Alvaro M. Huerta (CA Bar No. 274787)
Carson A. Scott (CA Bar No. 337102)
Lya Ferreyra (CA Bar No. 340148)
Immigrant Defenders Law Center
634 S. Spring St., 10th Floor
Los Angeles, CA
(213) 634-0999
ahuerta@immdef.org
cscott@immdef.org
lferreyra@immdef.org

*/s/ Karen C. Tumlin*

JUSTICE ACTION CENTER
Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (CA Bar No. 234691)
Laura Flores-Perilla (CA Bar No.
355645)*
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
(323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
laura.flores-
perilla@justiceactioncenter.org

*/s/ Samantha Hsieh*

AMICA CENTER FOR IMMIGRANT
RIGHTS
Adina Appelbaum (*pro hac vice*)
Samantha Hsieh (*pro hac vice*)
Peter Alfredson (D.C. Bar No. 1780258)*
Evan Benz (*pro hac vice*)
Amica Center for Immigrant Rights
1025 Connecticut Ave., N.W., Suite 701
Washington, D.C. 20036
(202) 331-3320
adina@amicacenter.org
sam@amicacenter.org
peter@amicacenter.org
evan@amicacenter.org

*Attorneys for Plaintiffs-Appellees*